**Min Sui CHEN, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04-2514-AG.**

United States Court of Appeals, Second Circuit.

Jan. 19, 2006.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft in this case.

Gerald Karikari, New York, New York, for Petitioner.

Michael J. Sullivan, United States Attorney, Michael Sady, Assistant United States Attorney, Boston, Massachusetts, for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. DENNIS JACOBS, and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Min Sui Chen, through counsel, petitions for review of the BIA's order affirming the decision of an immigration judge ("IJ") that denied Chen's claims for asylum, withholding of removal, and relief under Article 3 of the Convention Against Torture ("CAT"). Chen alleged she feared persecution in China because of her opposition to Chinese family planning policies. The IJ found Chen failed to meet her burden of proof and, therefore, did not demonstrate eligibility for the relief she sought. We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS,* 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS,* 232 F.3d 279, 286–88 (2d Cir.2000).

The IJ did not err in finding that Chen failed to demonstrate eligibility for asylum or withholding of removal. Chen's claim that she hoped to have more than one child and feared persecution if she were returned to China, is speculative, and thus fails to meet the standard for a well-founded fear of persecution. *See Ramsameachire,* 357 F.3d at 178; *Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir.2005) (finding that, "[i]n the absence of solid support in the record" for petitioner's assertion that he will be subjected to persecution on account of his two U.S. born children, "his fear is speculative at best"). According to the U.S. Department of State Country Report, China 2001 (2001 Country Report), to which the IJ refers, "exceptions to the one-child policy are becoming the norm," and "couples in rural areas are generally allowed to have a second child if the first is a girl." Likewise, the report of the U.S. Department of State, Profile of Asylum Claims and Country Conditions for China ("Asylum Profile"), states that in Fujian, the province where Chen lived, two children were permitted if the first child was a daughter, and the parents wait four years before having the second child. Moreover, the Asylum Profile also indicates that couples who have or conceive a second child while in the U.S. "and then

return to China are, at worst, given modest fines."

While the IJ was not bound by the country conditions reports in the record, she was entitled to rely on them, provided she did not overlook any contradictory evidence directly presented by Chen. *See Jian Xing Huang*, 421 F.3d at 128. Chen provided no documentary evidence to the contrary, and the IJ could reasonably discount her sparse and uncorroborated testimony that the government no longer abides by the policy of permitting more than one child in the rural area where Chen lived, and that all of her neighbors and her older sister who already have one child were sterilized. *See id.*

Further, the IJ did not err in determining that Chen failed to meet her burden of proof for CAT relief. While the 2001 Country Report states that "torture . . . [is used] in dealing with some detainees and prisoners," and "persons who are trafficked from the country and then repatriated may face fines . . . [and,] after a second repatriation . . . may be sentenced to a term of reeducation-through-labor," there is no evidence in the record that Chen, who has never been repatriated, is more likely than not to be tortured if returned to China.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).